UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| JAMES T. WEBB, | **DECISION AND ORDER** |
| Movant, | |
| -vs- | **Civil Case No.** **6:16-cv-6304-MAT** |
| UNITED STATES OF AMERICA, | |
| Respondent. | **Criminal Case No.** **6:12-cr-6028-MAT** |

_____

### INTRODUCTION

James T. Webb ("Webb" or "Movant") brings this pro se motion pursuant to 28 U.S.C. § 2255 ("Section 2255") challenging the legality of his sentence based on Johnson v. United States, --- U.S. ----, 135 S. Ct. 2551 (2015), in which the United States Supreme Court voided the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. Section 924(e)(2)(B)(ii), as unconstitutionally vague.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 16, 2012, Webb waived indictment and pled guilty to a one-count information charging him with conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. The plea agreement anticipated that he would be sentenced pursuant as a career offender pursuant to United States Sentencing Guideline § 4B1.1 ("Section 4B1.1"), based on the fact that he had two prior convictions for "controlled substance offenses." Respondent

-1-

indicates that, according to the presentence report ("PSR"), Webb was a career offender on the basis of the two prior controlled substance convictions. On November 24, 2014, the Court (Siragusa, D.J.) adopted the PSR without change and sentenced Webb principally to 151 months in prison. Respondent indicates that Webb did not appeal his conviction and sentence.

After Respondent filed its memorandum of law in opposition (Dkt #39) to the Motion to Vacate, Webb filed a reply brief (Dkt #43) in further support of his Motion to Vacate (Dkt #37).

After reviewing the Government's response and Webb's motion (Dkt #37), the Court issued an order (Dkt #45) directing the Government to submit background information and supporting documentation regarding the prior crimes of conviction (and their associated sentences) that Respondent sought to use as prior felony convictions.

In further response to Webb's Section 2255 Motion, Respondent filed a Supplemental Memorandum in Response to Title 28 U.S.C. Section 2255 Motion (Dkt #50), with Exhibit A (Dkt #50-1) and Exhibit B (Dkt #50-2) (documents regarding Webb's prior felony drug convictions).

The motions were submitted without oral argument on October 20, 2016. For the reasons set forth below, the Court grants Respondent's Motion to Seal and denies Webb's Motion to Vacate and Motion to Reduce the Sentence.

**MOTION TO VACATE UNDER SECTION 2255**

**I. Standard of Review**

A person in federal custody may move to vacate, set aside, or correct his sentence if it was imposed in violation of "the Constitution or laws of the United States," "the court was without jurisdiction to impose such sentence," "the sentence was in excess of the maximum authorized by law," or the sentence "is otherwise subject to collateral attack." 28 U.S.C. Section 2255(a). The Court notes that Webb is a pro se litigant and as such, his submissions must be held to "less stringent standards than formal pleadings drafted by lawyers[,]" Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993) (internal citation omitted), and must be "interpret[ed] . . . to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and citation omitted).

**II. Analysis**

Webb seeks relief based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), holding that the "residual clause" in the definition of "violent felony" in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. Respondent counters that Johnson does not affect the validity of Webb's sentence, because it was enhanced based on two prior controlled substance offenses, not on the burglary offense. In his reply papers, Webb asserts that his sentence was enhanced not only based

on the two prior controlled substance conviction, but also on the burglary conviction.

Under the United States Sentencing Guidelines ("the Guidelines"), a defendant is considered a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
> (2) the instant offense of conviction is a felony that is either a crime of violence *or* a controlled substance offense; and
> (3) the defendant has **at least two** *prior felony convictions of* **either** *a crime of violence* **or** *a controlled substance offense.*

U.S.S.G. § 4B1.1(a) (emphases supplied). At the time of Webb's sentencing proceeding, Section 4B1.2(a) defined "crime of violence" as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G., § 4B1.2(2) (former) (emphasis supplied). The italicized portion of Section 4B1.2 is known as the "residual clause."

The Second Circuit has recognized that the operative language of USSG § 4B1.2(a)(2)'s residual clause and the ACCA's residual

clause is identical.[1] See, e.g., United States v. Gray, 535 F.3d 128, 130 (2d Cir. 2008) ("[W]here the language of two . . . provisions is identical, we cannot conclude that those provisions have disparate applicability to a type of conduct that inherently involves the risk specified in both provisions.") (quotation omitted). Recently, the Sentencing Commission amended Section 4B1.2(a)(2) to strike the residual clause, finding that it implicated many of the same concerns cited by the Supreme Court in Johnson. Effective August 1, 2016, the amendment to Section 4B1.2(a)(2) struck the residual clause, and inserted the following:

> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. 5845(a) or explosive material as defined in 18 U.S.C. 841(c).

U.S.S.G. § 4B1.2(a)(2).

Even assuming for the sake of argument that Johnson applies retroactively to this Section 2255 motion, that case does not affect the "prior felony conviction" or "controlled substance offense" definitions in the career offender Guidelines, and therefore it has no effect on Webb's sentence. The documents submitted by Respondent in response to the Court's request for supplementation of the record indicate that Webb had at least two

---

[1] Compare U.S.S.G. § 4B1.2(a)(2) (defining "crime of violence" to include "conduct that presents a serious potential risk of physical injury to another") with 18 U.S.C. § 924(e)(2)(B) (defining "violent felony" to include "conduct that presents a serious potential risk of physical injury to another").

"prior felony convictions" for "controlled substance offenses."

Under the Guidelines, a "prior felony conviction" is defined as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated a felony and *regardless of the actual sentence imposed*. . . ." U.S.S.G. § 4B1.2 Application Note 1 (quoted in United States v. Parnell, 524 F.3d 166, 170 (2d Cir. 2008) (emphasis supplied)). The Guidelines define "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b); see also Application Note 1 to U.S.S.G. § 4B1.2(b).

Webb has two potential prior convictions that could qualify as controlled substance offenses for purposes of the Guidelines. First, there was a 1996 conviction by guilty plea in Monroe County Court of New York State to "Attempted Criminal Sale of a Controlled Substance in the Third Degree" for which he was sentenced to 5 years of probation. Criminal Sale of a Controlled Substance in the Third Degree is a class B felony under New York law[,] see N.Y. PENAL LAW § 220.39. Even though Webb only was sentenced to a term of probation, class B felonies are punishable by 1 to 9 years'

imprisonment, see N.Y. PENAL LAW § 70.70(2)(a)(i) (setting forth sentence of imprisonment for class B felony drug offender, except defendant convicted of violating certain sections of article two hundred twenty of the Penal Law not relevant here); N.Y. PENAL LAW § 70.00 (setting forth sentences of imprisonment for a felony, "other than a felony defined in article two hundred twenty or two hundred twenty-one of this chapter [of the Penal Law]"). Application Note 1 to § 4B1.2(b) further provides that for purposes of this section, "'controlled substance offense[s]' include the offenses of aiding and abetting, conspiring, and *attempting* to commit such offenses." Application Note 1 (quoted in United States v. Green, 480 F.3d 627, 629 (2d Cir. 2007) (emphasis supplied)). Therefore, Webb's conviction for Attempted Criminal Sale of a Controlled Substance in the Third Degree under New York Penal Law § 220.39 qualifies as a "prior felony conviction," that is, a felony conviction "punishable by . . . imprisonment for a term exceeding one year[,]" U.S.S.G. § 4B1.2 Application Note 1 (quoted in Parnell, 524 F.3d at 170).   Second, Webb has a 2001 conviction by guilty plea in Monroe County Court of New York State to "Criminal Sale of a Controlled Substance in the Fifth Degree" for which he was sentenced to 3½ to 7 years in prison. Criminal Sale of a Controlled Substance in the Fifth Degree is a class D felony under New York law. See N.Y. PENAL LAW § 220.31. The version of P.L. § 70.00 (Sentence of imprisonment for felony) in effect at

the time of Webb's conviction in 2001, provided in relevant part that "a sentence of imprisonment for a felony shall be an indeterminate sentence. When such a sentence is imposed, the court shall impose a maximum term in accordance with [P.L. § 70.00(2)] . . . and the minimum period of imprisonment shall be as provided in [P.L. § 70.00(3)]. . . ." N.Y. PENAL LAW § 70.00(1) (Eff. until Sept. 30, 2005, as amended by L.1995, cc. 1, 3). For a class D felony, the maximum could not exceed seven years, and the minimum had to be at least one year. See N.Y. PENAL LAW § 70.00(2)(d), (3).

Both before and after the Sentencing Commission's amendment deleting Section 4B1.2(a)(2)'s residual clause, the career offender provision of the Guidelines required at least, but no more than, *two* prior felony convictions of a controlled substance offense. As discussed above, Webb had two qualifying prior controlled substance offense convictions, and these were sufficient to trigger the application of the career offender provision of the Guidelines. In other words, the burglary conviction was not necessary for the application of the career offender Guideline, and Webb's sentence was not enhanced by a crime of violence within the meaning of former Section 4B1.2(a)(2)'s residual clause. Therefore, Webb's sentence does not run afoul of Johnson, supra. See, e.g., Santiago v. United States, No. 00-CR-237(VM), 2016 WL 3023159, at *2 (S.D.N.Y. May 13, 2016) (finding Johnson inapplicable to Section 2255 where defendant had two prior controlled substance convictions

and an assault conviction; the two controlled substance convictions triggered the application of the career offender guideline, and the assault conviction did not play a role in the application of the career offender guideline; therefore, defendant's sentence was not enhanced by a crime of violence within the meaning of the Guidelines' residual clause).

## MOTION TO REDUCE SENTENCE

Title 18 U.S.C., Section 3582(c)(2) provides that "a sentencing court may reduce a defendant's term of imprisonment if his sentence was based on a sentencing range subsequently lowered by the Sentencing Commission." United States v. Milhouse, No. 15-1339-CR, ___ F. App'x ____, 2016 WL 3659723, at *1 (2d Cir. July 8, 2016) (unpublished opn.). Webb relies on three amendments to the Guidelines: Amendments 759, 782, and 788.

"Amendment 759 to the Guidelines, effective November 1, 2011, amended the advisory notes to § 1B1.10 to define the 'applicable guideline range' as 'the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance.'" United States v. Leonardo, 529 F. App'x 75, 77 (2d Cir. 2013) (unpublished opn.) (quoting U.S.S.G. App. C, Amend. 759 (2011); U.S.S.G. § 1B1.10 cmt. n. 1(A)). Effective November 1, 2014, the Sentencing Commission adopted Amendment 782, which modified U.S.S.G

§ 2D1.1 to lower the Guidelines' sentencing range for certain categories of drug-related offenses, including those involving cocaine base. The Sentencing Commission also adopted Amendment 788, effective November 1, 2014, which authorized retroactive application of Amendment 782 to defendants sentenced before its effective date. See, e.g., United States v. Aristizabel, 113 F. Supp. 3d 692, 693 (S.D.N.Y. 2015) (discussing Amendments 782 and 788).

A district court may not reduce a sentence pursuant to 18 U.S. § 3582(c)(2) if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline. . . ." Milhouse, 2016 WL 3659723, at *1 (citing U.S.S.G. § 1B1.10 Application Note 1(A); U.S.S.G. § 1B1.10(a)(2)(B)). As discussed above, this Court has denied Webb's Johnson challenge to his career offender sentence. Thus, his sentence, with its career offender enhancement, remains intact.

Webb's sentencing range was based on his career offender status, and the career offender Guideline has not been amended by the Sentencing Commission in such a way as to affect Webb's sentence. That is, Webb's sentence was not "based on a sentencing range that was subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2). Therefore, Amendments 759 and 782 cannot lower his applicable Guidelines' range, and relief under Section 3582(c) is unavailable. See United States v. Martinez, 572 F.3d 82,

84-85 (2d Cir. 2009) ("Martinez's original sentence in the instant case was 'based on' the career offender guideline, and not the crack cocaine guideline. The fact that, but for his career offender designation, Martinez's sentence would have been based on the now-amended crack cocaine guideline is of no relevance for purposes of a sentence reduction. The simple fact is that Martinez was indeed sentenced under § 4B1.1, which remains unamended."); United States v. Mock, 612 F.3d 133, 138 (2d Cir. 2010) (district court did not err in denying Section 3582(c)(2) motion where defendant was "sentenced under the career offender Guideline, U.S.S.G. § 4B1.1, which was not affected by the crack cocaine amendments that he relied upon as the basis for his motion")). See also Newton v. United States, No. 02 Cr. 476, 2014 WL 6491961, at *1 (S.D.N.Y. Nov. 17, 2014) ("Because [the defendant] was sentenced by this Court as a Career Offender, pursuant to United States Sentencing Guideline § 4B1.1, he is not eligible for a reduction under 18 U.S.C. § 3582(c)(2)."). It is of no moment that Judge Siragusa ultimately elected to impose a non-Guidelines' sentence. See Milhouse, 2016 WL 3659723, at *1. In Milhouse, the district court adopted the presentence investigation report, which stated that Milhouse was a career offender as defined by U.S.S.G. § 4B1.1, and that his guideline sentencing range was therefore 188 to 235 months. Id. However, the district court in Milhouse "chose to impose a 'non-guideline sentence' including 82 months'

imprisonment." 2016 WL 3659723, at *1. The district court subsequently denied his motion for a sentence reduction based on Amendment 782. The Second Circuit affirmed, noting that the district court lacked the authority to reduce Milhouses sentence where his "guideline range was based on his career-offender status," and "Amendment 782 did not lower his applicable guideline." Id. (citation omitted).

**CONCLUSION**

For the reasons discussed above, the Court **denies** the Section 2255 Motion (Dkt #37). The Clerk of Court is directed to close this case.

**SO ORDERED**

                                        **S/ Michael A. Telesca**

                                        HONORABLE MICHAEL A. TELESCA
                                        United States District Judge

DATED:   November 2, 2016
            Rochester, New York