UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JAMES T. WEBB, | **DECISION AND ORDER DENYING MOTION TO REDUCE SENTENCE** |
| Movant, | |
| -vs- | **Criminal Case No. 6:12-cr-6028-MAT** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

---

### INTRODUCTION

James T. Webb ("Webb") brings this pro se motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in his sentence based on Amendments 759, 782, and 788 to the United States Sentence Guidelines ("Guidelines" or "U.S.S.G."). For the reasons discussed herein, the relief requested is denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 16, 2012, Webb waived indictment and pled guilty to a one-count information charging him with conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. The plea agreement anticipated that he would be sentenced pursuant as a career offender pursuant to United States Sentencing Guideline § 4B1.1 ("Section 4B1.1"), based on the fact that he had two prior convictions for "controlled substance offenses." Respondent indicates that, according to the presentence report ("PSR"), Webb was a career offender on the basis of the two prior controlled

substance convictions. On November 24, 2014, the Court (Siragusa, D.J.) adopted the PSR without change and sentenced Webb principally to 151 months in prison. Respondent indicates that Webb did not appeal his conviction and sentence.

After reviewing Webb's Motion to Reduce Sentence (Dkt #42), the Court directed Respondent to submit a brief addressing Movant's arguments, and submit any documentation necessary for the Court to resolve the claims raised therein. The Government then filed a Response with exhibits, as well as a Motion to Seal and supporting Affirmation. The Motion to Seal requests that the Response and exhibits, and the affirmation in support of the Motion to Seal be filed under seal. Webb has not filed a reply to Respondent's opposition, or opposed the motion to seal.

## DISCUSSION

Title 18 U.S.C., Section 3582(c)(2) provides that "a sentencing court may reduce a defendant's term of imprisonment if his sentence was based on a sentencing range subsequently lowered by the Sentencing Commission." <u>United States v. Milhouse</u>, No. 15-1339-CR, ___ F. App'x ____, 2016 WL 3659723, at *1 (2d Cir. July 8, 2016) (unpublished opn.). Webb relies on three amendments to the Guidelines: Amendments 759, 782, and 788.

"Amendment 759 to the Guidelines, effective November 1, 2011, amended the advisory notes to § 1B1.10 to define the 'applicable guideline range' as 'the guideline range that corresponds to the

offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance.'" United States v. Leonardo, 529 F. App'x 75, 77 (2d Cir. 2013) (unpublished opn.) (quoting U.S.S.G. App. C, Amend. 759 (2011); U.S.S.G. § 1B1.10 cmt. n. 1(A)). Effective November 1, 2014, the Sentencing Commission adopted Amendment 782, which modified U.S.S.G § 2D1.1 to lower the Guidelines' sentencing range for certain categories of drug-related offenses, including those involving cocaine base. The Sentencing Commission also adopted Amendment 788, effective November 1, 2014, which authorized retroactive application of Amendment 782 to defendants sentenced before its effective date. See, e.g., United States v. Aristizabel, 113 F. Supp. 3d 692, 693 (S.D.N.Y. 2015) (discussing Amendments 782 and 788).

A district court may not reduce a sentence pursuant to 18 U.S. § 3582(c)(2) if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline. . . ." Milhouse, 2016 WL 3659723, at *1 (citing U.S.S.G. § 1B1.10 Application Note 1(A); U.S.S.G. § 1B1.10(a)(2)(B)). As discussed in a Decision and Order dated November 2, 2016 (Dkt #51), this Court has denied Webb's Johnson challenge to his career offender sentence. Thus, his sentence, with its career offender enhancement, remains intact.

Webb's sentencing range was based on his career offender status, and the career offender Guideline has not been amended by the Sentencing Commission in such a way as to affect Webb's sentence. That is, Webb's sentence was not "based on a sentencing range that was subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2). Therefore, Amendments 759 and 782 cannot lower his applicable Guidelines' range, and relief under Section 3582(c) is unavailable. See United States v. Martinez, 572 F.3d 82, 84-85 (2d Cir. 2009) ("Martinez's original sentence in the instant case was 'based on' the career offender guideline, and not the crack cocaine guideline. The fact that, but for his career offender designation, Martinez's sentence would have been based on the now-amended crack cocaine guideline is of no relevance for purposes of a sentence reduction. The simple fact is that Martinez was indeed sentenced under § 4B1.1, which remains unamended."); United States v. Mock, 612 F.3d 133, 138 (2d Cir. 2010) (district court did not err in denying Section 3582(c)(2) motion where defendant was "sentenced under the career offender Guideline, U.S.S.G. § 4B1.1, which was not affected by the crack cocaine amendments that he relied upon as the basis for his motion")). See also Newton v. United States, No. 02 Cr. 476, 2014 WL 6491961, at *1 (S.D.N.Y. Nov. 17, 2014) ("Because [the defendant] was sentenced by this Court as a Career Offender, pursuant to United States Sentencing Guideline § 4B1.1, he is not eligible for a reduction under 18

U.S.C. § 3582(c)(2)."). It is of no moment that Judge Siragusa ultimately elected to impose a non-Guidelines' sentence. See Milhouse, 2016 WL 3659723, at *1. In Milhouse, the district court adopted the presentence investigation report, which stated that Milhouse was a career offender as defined by U.S.S.G. § 4B1.1, and that his guideline sentencing range was therefore 188 to 235 months. Id. However, the district court in Milhouse "chose to impose a 'non-guideline sentence' including 82 months' imprisonment." 2016 WL 3659723, at *1. The district court subsequently denied his motion for a sentence reduction based on Amendment 782. The Second Circuit affirmed, noting that the district court lacked the authority to reduce Milhouses sentence where his "guideline range was based on his career-offender status," and "Amendment 782 did not lower his applicable guideline." Id. (citation omitted).

## CONCLUSION

For the foregoing reasons, Webb's Motion to Reduce Sentence (Dkt #42) is denied. The Government's Motion to Seal (Dkt #46) is granted. The Clerk of Court is directed to file the documents referenced in the Motion to Seal under seal.

**SO ORDERED**

                                        **S/ Michael A. Telesca**
                                        HONORABLE MICHAEL A. TELESCA
                                        United States District Judge

DATED:    November 2, 2016
            Rochester, New York